IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACKSONVILLE NORTH PULASKI
SCHOOL DISTRICT                                                                                  PLAINTIFF

VS.                                          4:20-CV-00256-BRW

DM, Parent of AB, *et al.*                                                                       DEFENDANTS

### ORDER

Pending is Defendants' Motion for Preliminary Injunction (Doc. No. 13). Plaintiff has responded.[1] For the reasons set out below, the motion is DENIED.

### I.   BACKGROUND[2]

In October 2019, Defendants filed a due process complaint with the Arkansas Department of Education. They argued that their grandson, who was in kindergarten at the time, had been diagnosed with a disability that qualified him for special education, and requested an administrative hearing with the Arkansas Department of Education. Three hearings were held in November and December 2019, and on January 16, 2020, the hearing officer issued an opinion in Defendants' favor. This case is an appeal of that decision.

On February 7, 2020, the parties had an Individual Education Plan ("IEP") team meeting, at which Defendants requested a temporary IEP. Plaintiff rejected the request based on the hearing officer's finding that the "IEP will be considered on completion of the evaluation" and there had not yet been an evaluation. The parties disagree about the legitimacy of Plaintiff's rejection of a temporary IEP. They also disagree about what testing was needed, and whether some tests could have been pursued while they waited a independent ruling on other tests.

---

[1] Doc. No. 22.

[2] Unless otherwise noted, the facts in this section from Doc. Nos. 1, 20, 22.

1

However, this is undisputed: comprehensive evaluations require consent, and Defendants did not consent until March 26, 2020. By that time, schools (as well as non-emergency medical care) were shuttered because of the COVID-19 pandemic. Defendants now want a preliminary injunction to force Plaintiff to proceed with the testing.

## II.     INJUNCTIVE RELIEF STANDARD

A request for a preliminary injunction is governed by Fed. R. Civ. P. 65 and traditional equitable doctrines. To obtain a preliminary injunction, Plaintiffs must show: (1) a threat of irreparable harm; (2) the balance between this harm and the injury that granting the injunction will inflict on other parties weighs in favor of an injunction; (3) a probability of success on the merits; and (4) that an injunction is in the public interest.[3] No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction.[4]

## III.    DISCUSSION

In *Winter v. Natural Resources Defense Council, Inc.*,[5] the Supreme Court made it clear that, in order to obtain a preliminary injunction, a plaintiff must demonstrate that irreparable harm is <u>likely</u> in the absence of an injunction.[6] "[T]he absence of a finding of irreparable injury is alone sufficient ground for [denying] the preliminary injunction."[7]

---

[3]*Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 112 (1981).

[4]*United Industries Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

[5]129 S. Ct. 365 (2008).

[6]*Id.* at 375.

[7]*Dataphase Systems, Inc.,* 640 F.2d 109, 114, n.9.

Defendants have failed to establish irreparable harm, at this point.  If the evaluations do not commence once school reconvenes, this might change things.  However, at this point, it seems that Defendants are responsible (at least partially) for the delay in the evaluations, which suggests the issue was not as urgent as they now suggest it is.  Obviously, if Plaintiff can safely perform evaluations before school commences, that option should be considered.  It seems to me that this issue could easily be worked out among the parties without my involvement.

Finally, there is unlikely to be irreparable harm because this case could quite possibly be resolved before August 2020, since it is an administrative appeal.   The parties can submit the records, file their briefs, and get this resolved promptly.

## CONCLUSION

Based on the above, Defendants' Motion for Preliminary Injunction (Doc. No. 13) is DENIED.

IT IS SO ORDERED this 12th day of June, 2020.

                                          Billy Roy Wilson                
                                          UNITED STATES DISTRICT JUDGE