IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| JACKSONVILLE NORTH PULASKI COUNTY SCHOOL DISTRICT, <br><br> Plaintiff/Counter-Defendant <br><br> v. <br><br> D.M. and K.M., Parents of A.B., <br><br> Defendants/Counter-Plaintiffs | CASE NO. 4-20-CV-256-BRW |

# MEMORANDUM BRIEF IN SUPPORT OF MOTION TO COMPEL

*Does* respectfully request that the Jacksonville North Pulaski School District ("JNPSD") be ordered to submit full and complete responses to Interrogatories Nos. 4, 5, 6, 7, and 16 and Requests for Production No. 3, 4, 5, 6, and 7. With the exception of Request for Production No. 3, the discovery requests seek information and/or documents that are "public records" as defined by the Arkansas Freedom of Information Act ("FOIA"), Ark. Code Ann. §25-19-103(1), and therefore, JNPSD "shall have the responsibility to provide reasonable access for examination and copying such public records which are in existence at the time of the request, as

provided by Ark. Code Ann. §25-19-105." *Swaney v. Tilford*, 320 Ark. 652, 656, 898 S.W.2d 462, 465 (1995). Or, stated another way, JNPSD cannot claim "public records" are privileged. *See City of Fayetteville v. Edmark*, 304 Ark. 179, 186–87, 801 S.W.2d 275, 279 (1990).

JNPSD may argue the requested information and/or documents are not "public records" because they are in the possession of JNPSD's counsel, but, even if JNPSD has not waived this argument, the Arkansas Supreme Court rejected it in *Edmark*, *supra*. *See Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at *1 (E.D. Ark. Mar. 27, 2014) ("If this case were pending in state court, it is equally clear that Arkansas's FOIA would make their lawyers' work open to the public.").

As in *Fatemi*, *supra*, JNPSD may argue that the Arkansas FOIA cannot override federal law common law of privilege. Even if JPSD has not waived this argument, the IDEA distinguishes *Fatemi*. The IDEA creates an exception to the federal common law of privilege and gives *Does* access to JNPSD's records pertaining to A.B., without exception. The IDEA's procedural safeguards include "[a]n opportunity for the parents of a child with a disability to examine ***all records relating to such child*** . . . with respect to the identification, evaluation, and educational placement of the child, and the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(1) (emphasis supplied). The IDEA requires States to have

2

policies and procedures in place to implement the IDEA's procedural safeguards. *See* 20 U.S.C. §1412(a)(6).

The Arkansas Department of Education ("ADE") has adopted special education rules[1] to implement the IDEA's procedural safeguards. ADE special education rules require school districts "to provide access to all educational records" and "an opportunity to inspect and copy these records at a reasonable cost." ADE Spec. Ed. Rules, §10.01.9.1.B. and C. The ADE special education rules define "Education Records" as follows:

> 2.20.1    Education records are broadly defined as –
>
> 2.20.1.1    Those records, files, documents, and other materials, which
>
> A.    Contain information directly related to the student; and
> B.    Are maintained by an educational agency or institution or by a person acting for such agency or institution.

JNPSD's counsel is a "person acting for such agency or institution" and thus, counsel's records "directly related to the student" must be provided to *Does*. Therefore, even if not waived, JNPSD's claim of privilege fails as a matter of law. The IDEA, Arkansas special education rules, and the Arkansas FOIA give *Does* the right to examine and copy the requested records and do not recognize any privilege. *See Edmark*, 304 Ark. at 186, 801 S.W.2d at 279. Parents must be

---

[1] http://dese.ade.arkansas.gov/divisions/learning-services/special-education/policy-regulations/state-rules-regulations/sections-1-to-30

provided access to and copies of all education records directly related to A.B. Accordingly, JNPSD's claim of privilege should be rejected, and it should be ordered to provide full and complete responses to Interrogatories Nos. 4, 5, 6, 7, and 16 and Requests for Production No. 4, 5, 6, and 7

WHEREFORE, *Does* pray that that JNPSD be ordered to submit full and complete responses to Interrogatories Nos. 4, 5, 6, 7, and 16 and Requests for Production No. 3, 4, 5, 6, and 7; that *Does* be awarded their costs and attorneys' fees expended herein; and, that *Does* be awarded all other just and proper relief to which they may be entitled.

Respectfully submitted,

Theresa L. Caldwell (Ark. Bar No. 91163)

CALDWELL LAW OFFICE

14 Alban Lane

Little Rock, AR 72223

501-414-0434

Fax: 501-325-1502

tlcatty@gmail.com

*Attorney for Does*