IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACKSONVILLE NORTH PULASKI SCHOOL DISTRICT          PLAINTIFF

VS.                          NO. 4:20-CV-256

D.M. and K.M. Grandparents of A.B.                  DEFENDANT

## RESPONSE TO MOTION TO COMPEL

Comes now the Plaintiff, Jacksonville North Pulaski School District ("Plaintiff"), by and through its attorney, Scott P. Richardson, McDaniel, Wolff & Benca, PLLC and for its Response to the Motion to Compel states as follows:

On or about August 13, 2020, Plaintiff responded to Defendants first set of interrogatories. On October 12, 2020, Defendant sent a letter advising Plaintiff of deficiencies in its responses. Upon receipt of the October 12, 2020 letter, Plaintiff's counsel advised Defendant that he was in a federal trial that was expected to continue until through October 16, 2020 and thus unable to timely respond to Defendant's request.

On October 30, 2020, Defendant sent a letter following up on its October 12th, 2020 letter requesting updated and supplemental responses. Following counsels federal trial Plaintiff has been diligently working to supplement discovery. On November 9, 2020 Defendant filed its Motion to Compel. Plaintiff has gathered additional documents to supplement its prior discovery production.

It is difficult to determine what Defendants are seeking to compel by their Motion. The "Memorandum Brief" raises arguments focused on the privilege claims. It is not clear, but it seems that the motion is focused on the Districts

1

claim of Attorney/Client and work product privileges for the files of the District's counsel. Defendant seems to assert that neither the Attorney Client privilege nor the work product doctrine apply in light of the Arkansas Freedom of Information Act ("FOIA"). Defendants have drastically oversimplified the FOIA's application in this context.

**The Attorney Client Privilege**

The attorney client privilege is set out in various sources. In Arkansas, the Arkansas Rules of Evidence provide it. Ark. R. Evid. 502. The Federal Rules of Evidence provide few explicit protections to support the attorney client privilege and work product privileges. Fed. R. Evid. 502. Outside Rule 502 of the Federal Rules, however, the attorney client privilege is governed by common law, "federal statute," "rules prescribed by the Supreme Court," and (in civil cases) state law for "privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.

This case arises solely under federal law, thus, federal law governs the application of privileges here. *J.N. v. South Western Sch. Dist.*, 55 F.Supp.3d 589, 598 (M.D. Penn. 2014); *Sandra T.E. v. South Berwyn Sch. Dist. 100*, 600 F.3d 612 (7th Cir. 2010).

The attorney-client privilege "is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. U.S.*, 524 U.S. 399, 403 (1998). It encourages "full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and the

2

administration of justice." *Id.*, *quoting Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). As Judge D. Price Marshal succinctly explained: "Suffice it to say that, once litigation begins, a lawyer cannot represent her client as effectively and zealously as she otherwise could if all written communication with her client, as well as all her research, strategy, and notes, are open to interested citizens. . . and thus, inevitably, to opposing parties in the case." *Fatemi v. White*, 2014 WL 12754937, p. 2; Case no. 4:11-cv-458-DPM (order entered March 27, 2014).

The privilege applies to communications (a) between an attorney and his client (b) for the purpose of obtaining legal services or advice. *Diversified Ind., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977). Where the privilege exists, it is absolute. *Id.*

**Work Product Doctrine**

Federal Rule of Civil Procedure 26 governs the work product privilege. Fed. R. Civ. P. 26(b)(3). "The work-product doctrine protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case." *Sandra T.E.*, 600 F.3d 612, 618. Attorneys have "an independent privacy interest" in their work product that the Federal Rules protect. *Id.* The Supreme Court and the 8th Circuit have "acknowledged the well-recognized policy against invading the privacy of an attorney's course of preparation" including the lawyer's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and . . . countless other tangible and intangible" work. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328 (8th Cir. 1986). A

party may obtain discovery of work product material in limited circumstances: "only upon a showing of 'substantial need and an inability to secure the substantial equivalent of the items through alternate means without undue hardship' for ordinary work product (such as photographs and raw information), and 'only in rare and extraordinary circumstances' for opinion work product (containing mental impressions, conclusions, opinions, or legal theories regarding the litigation)." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) *quoting In re Murphy*, 560 F.2d 326 (8th Cir. 1977).

Defendants motion makes none of the showing necessary to overcome the work product privilege.

### Defendants' FOIA Argument is Misplaced

The thrust of Defendants' argument seems to be that because the Arkansas FOIA does not automatically exempt materials covered by the attorney-client privilege or the work product doctrine, then Defendants have a wholesale right to any document in undersigned counsel's file. Defendants seem to believe this is true regardless of the character of the document. They are mistaken.

The FOIA does not eliminate either the attorney client privilege or the work product privilege. On the contrary, the FOIA allows a Court to issue orders managing the exchange of information between litigants and preserves exemptions created by court rule. Ark. Code Ann. § 25-19-105(b)(8); *City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990). The FOIA provides exemptions from its disclosure requirements for "[d]ocuments that are protected

from disclosure by order or rule of court." Ark. Code Ann. § 25-19-105(b)(8). The Arkansas Supreme Court has recognized the authority of trial courts "to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption" for documents covered by the attorney-client privilege and the work product doctrine. *Edmark*, 304 Ark. at 191, 801 S.W.2d at 281.[1]

In *Edmark,* the Arkansas Supreme Court held that an attorney's file was subject to disclosure under the FOIA. The procedural posture of *Edmark,* however, is key to understanding its effect on the attorney client and work product privileges. *Edmark* dealt with an FOIA request for a litigating attorney's file *after* the underlying litigation had concluded. The underlying litigation (called the "incinerator litigation" in *Edmark*) involved an attempt to invalidate a city ordinance that raised sanitation fees. *Edmark*, 304 Ark. at 183. The judge presiding over the incinerator litigation, Judge Oliver Adams, denied the City of

---

[1] There is a tension in Arkansas between acts of the General Assembly that impinge on rules of court and court proceedings. *See e.g. Burns v. Ford Motor Co.*, 549 F.Supp.2d 1081 (W.D. Ark. 2008)(holding unconstitutional as violation of separation of powers part of Arkansas Civil Justice Reform Act governing evidence of damages); and *Nelson v. State* 2011 Ark. 429, 384 S.W.3d 534 (upholding rape shield statute on separation of powers challenge because it granted trial judge discretion in deciding whether evidence was admissible). Amendment 80 to the Arkansas Constitution grants the Arkansas Supreme Court authority to "prescribe the rules of pleading, practice and procedure for all courts." Ark. Const. Amend. 80 § 3. This includes rules of evidence. *Johnson v. Rockwell Automation, Inc.*, 2009 Ark. 241, 10, 308 S.W.3d 135, 142. To the extent that Defendants claim that the FOIA overrides the Arkansas Supreme Court's Rules of Evidence or Rules of Civil Procedure they are mistaken. It should be noted that *Edmark* predates Amendment 80, which may limit *Edmark's* applicability going forward.

Fayetteville's request for a protective order regarding a legal memoranda assessing the City's arguments and chances of success in the incinerator litigation. This decision was not appealed. The Springdale News filed a second suit (assigned to Judge Kim Smith) seeking the same legal memoranda. The FOIA suit (which was appealed and became the *Edmark* decision) was a direct action under FOIA. It was not a substantive case like the incinerator litigation or the present case.

Judge Smith required disclosure of the memoranda in the FOIA case. The City appealed that decision and the question presented in *Edmark* was whether Judge Smith was correct or should he have applied an evidentiary privilege (i.e. the Attorney Client privilege) or the work product doctrine retroactively to exempt the memoranda from disclosure under FOIA. While the Arkansas Supreme Court affirmed Judge Smith's decision to order disclosure of the memoranda, it also explained that in a substantive proceeding the FOIA did not limit a trial court's authority to manage the flow of information between litigants. It held that "[a] trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption under Section 25-19-105(b)(8)." *Id.* at 191. While Judge Adams in the incinerator litigation chose not to issue a protective order, the Arkansas Supreme Court explained that he "had the authority to do so." *Id.* at 191. In contrast, in the FOIA action, Judge Smith "did not have authority in the FOIA action to enter a protective order to be binding upon [Judge

Adams] in the 'incinerator litigation.'" *Id*. Had Judge Adams issued a protective order, however, Judge Smith presiding over "[t]he FOIA court must give credit to protective orders previously issued by other courts." *Id*. In other words, if Judge Adams had issued a protective order recognizing the attorney client and work product privileges, Judge Smith would have been bound by that order until the protective order expired.

The Arkansas Attorney General agrees with this position: "The Arkansas Supreme Court has made clear that this [Ark. Code Ann. § 29-15-105(b)(8)] exemption applies to both 'judicial records' (e.g. motions, pleadings, affidavits, etc.) and to 'non-judicial records' (i.e. records not on file with the court; e.g. **an attorney's working papers that have not been filed with the court**." Ark. Op. Att'y. Gen. No. 2011-083, p. 3 (emphasis added)(citing *Edmark, supra*).

Speaking analogously, Defendants argue as if this court was Judge Smith in *Edmark*, presiding over an FOIA claim. But, this court is sitting more like Judge Adams, presiding over substantive litigation. The FOIA does not wipe away the standard rules governing the exchange of information between litigants before a court. Quite the contrary, it preserves the inherent authority of courts to manage discovery in accordance with the settled practices of the Courts; e.g. the court rules governing privileged communications. *Edmark*. 304 Ark. at 191. As such, *Edmark* does not operate the way Defendants appear to contend.

Moreover, because this is a federal case for which federal law provides the rules of decision, it is not at all clear that either *Edmark* or the Arkansas FOIA

7

have any applicability to discovery or discovery disputes in this matter. Fed. R. Evid. 501. Instead, the work product doctrine (embodied in Fed. R. Civ. P. 26(b)(3)) and the attorney-client privilege (embodied in Fed. R. Evid. 502 and federal decisions) remain as explained in federal law.

There is some argument for waiver, but Defendants do not raise any such arguments with regard to counsel's file. The only specific argument on waiver is that because the District did not raise the privileges in responding to the discovery requests. This is factually untrue as can be seen from the discovery responses.

**Neither IDEA nor the State or Federal Regulations Implementing it Override the Attorney-Client Privilege or the Work Product Doctrine in This Case**

The IDEA does grant parents the right to access educational records, but the right is not as free-wheeling as Defendants claim. Defendants omit from their briefing the fact that both the federal regulations implementing the IDEA and the DESE's[2] regulations define "education records" according to the Family Educational Rights and Privacy Act of 1974 ("FERPA"). *See* 34 C.F.R. § 300.611(b) (IDEA regulation defining education records same as FERPA); DESE 2.20.2 ("Education records means the type of records covered under the definition of 'education records' in 34 CFR part 99" i.e. FERPA). FERPA's definition of education records can be found at 34 CFR § 99.3. FERPA defines educational

---

[2] The Arkansas Department of Education ("ADE") is now known as the Division of Elementary and Secondary Education ("DESE").

records as "those records that are: (1) Directly related to a student; and (2) maintained by an educational agency or institution or by a party acting for the agency or institution." *Id.* The definition contains six exemptions including "(1) Records that are kept in the sole possession of the maker, are used only as a personal memory aid, and are not accessible or revealed to any other person except a temporary substitute for the maker of the record."

Plaintiff has not cited any law holding that counsel's notes, drafts, internal communications (i.e. with counsel's staff), or other documents are "educational records" within the meaning of FERPA. Indeed, counsel's notes, pleading drafts, and internal communications (i.e. work product) would be covered by exemption one to FERPA's definition of educational records. Moreover, it is not clear that those records would count as an "educational record" in the first instance because they would relate to the litigation and the district, the records would not "directly relate" to the student.

**Responses to Specific Requests**

*Request for Production Number 3*: The simple answer is that all responsive audio or video records made by the district or its agents or employees during the requested time period have been previously provided. Plaintiff has asked for a list of previously provided audio/video recordings and Defendant will provide the list. Counsel has no records separate from what the District has produced.

*Interrogatory Number 4 and Request for Production Number 4*: Plaintiff stands on its objections. The Interrogatory and Request are overly broad, unduly

burdensome, and requests information protected by the attorney/client and work product privileges. Also, the Interrogatory and Request are not reasonably calculated to seek information relevant to the claims or defenses in this litigation and are disproportionate to the needs of the case. As stated in its responses, JNPSD has not kept a log of verbal communications and thus cannot accurately answer the interrogatory. Defendants have access to the due process file which includes the in-person conferences that took place. JNPSD has performed an initial pull of electronic mail from the Districts' system. Counsel is reviewing those emails for responsiveness. Once that is done the District will supplement its prior discovery responses. Defendants have been provided a number of emails of district personnel previously.

*Interrogatory Numbers 5 and 6 and Request for Production Numbers 5 and 6*: This case involves a student in his kindergarten year. There is no allegation in the Counter-claim regarding use of a time-out seclusion room or the use of restraint (chemical or physical) by the District. Even so, the District has provided its written policies on these matters. Defendants have not explained what else they are looking for. Either way, the requested records are irrelevant because they do not relate to any of the claims in this case.

*Interrogatory Number 7 and Request for Production Number 7*: It is unclear what Defendants are seeking beyond the response that has been provided. This request is overly broad, unduly burdensome, and requests information protected by the attorney/client and work product privileges. Board policy 4.48 was

10

provided in discovery. In addition, the subject of the records of the various cameras around the school district has been a matter of discussion in the underlying due process case. As such, Defendant's counsel is well aware of the District's policy and practice.

*Request for Production Number 16*: This request boldly asks for undersigned counsel's file. It contains a limit of documents "pertaining to you and Parents and/or Student." The request does not define "you." So, it is unclear what communications this Request is intended to reach. Any documents not subject to the attorney-client privilege or work product doctrine have been provided in response to other discovery requests. The District understands this request to be seeking all internal communications of the undersigned's law practice relating to this case, all his notes, draft pleadings or court filings, memoranda, research, and core work product. As explained above, these are not subject to discovery. Defendant has provided none of the justifications required to overcome the doctrine. Indeed, Defendant has failed to identify any document or category of document that they can only obtain from undersigned counsel in order to prosecute this case.

WHEREFORE, the Plaintiff requests that the Motion to Compel be denied and for any and that it be granted all other just and proper relief to which it may be entitled.

                                                                    Respectfully submitted,

                                                                    SCOTT P. RICHARDSON
                                                                    On behalf of Plaintiff

By: /s/ Scott P. Richardson
Scott P. Richardson, Ark. Bar No. 2001208
McDaniel, Wolff & Benca, PLLC
1307 West Fourth Street
Little Rock, AR 72201
Phone: (501) 954-8000
Facsimile: (866) 419-1601
Email: scott@mwbfirm.com

*Attorney for Jacksonville North Pulaski School District*

**CERTIFICATE OF SERVICE**

I, Scott P. Richardson, hereby certify that a copy of the foregoing has, on November 23, 2020, been served, unless otherwise indicated, by the Court's online filing system, to all attorneys of record.

/s/ Scott P. Richardson
Scott P. Richardson