IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JACKSONVILLE NORTH PULASKI
SCHOOL DISTRICT                                                                                      PLAINTIFF

VS.                                          4:20-CV-00256-BRW

D.M. and K.M. Grandparents of A.B.                                                         DEFENDANTS

### ORDER

Pending is Defendants' Motion to Compel Responses to Discovery (Doc. No. 38). Plaintiff has responded.[1] For the reasons stated below, the Motion to Compel is DENIED.

**I.     BACKGROUND**

D.M. and K.M. are the paternal grandparents and legal guardians of A.B. They are A.B.'s "parents" as defined by the Individuals with Disabilities Education Act ("IDEA").[2] A.B. is a student in the Jacksonville North Pulaski School District.[3] On October 7, 2019, A.B.'s grandparents filed a Due Process Complaint ("DPC") with the Arkansas Department of Education ("ADE") asserting that A.B. had been diagnosed with disabilities that qualified him for special education under to the IDEA.[4] On January 16, 2020, a hearing officer ruled in Defendants' favor.[5]

---

[1] Doc. No. 41.

[2] 20 U.S.C. § 1400, *et seq.*; 20 U.S.C. § 1401(23)(C); 34 C.F.R. § 300.30(3).

[3] Doc. No. 10, p. 2.

[4] *Id.* at 5.

[5] *Id.*

1

On March 5, 2020, Plaintiff appealed the hearing officer's decision to Pulaski County Circuit Court.[6] Defendants removed the case to federal court.[7] On May 1, 2020, Defendants' filed an Answer to Plaintiff's Amended Complaint that included counterclaims for discrimination, unlawful retaliation, and attorney's fees.[8]

Eventually, Defendants served Plaintiff with interrogatories and requests for production.[9] On August 13, 2020, Plaintiff responded to Defendants' first set of interrogatories.[10] Defendants replied to Plaintiff's responses in early October.[11] A few weeks later, Defendants advised Plaintiff's counsel that he had until November 6, 2020 to supplement its responses, or Defendants would seek court involvement.[12] Three days later, Defendants filed a Motion to Compel Plaintiff to provide complete responses to Interrogatories Nos. 4, 5, 6,and 7, and Requests for Production No. 3, 4, 5, 6, 7, and 16.[13]

## II.    DISCUSSION

### A.    FOIA and IDEA Discovery Requests

Defendants' arguments focus exclusively on discovery of information based on Arkansas Freedom of Information Act ("FOIA") and an exception to the federal common law privilege, which, they contend, was created by the IDEA and the corresponding ADE implementing rules.

---

[6]*Id.*

[7]Doc. No. 1.

[8]Doc. No. 11, pp. 10-16.

[9]Doc. No. 38-1.

[10]*Id.*

[11]Doc. No. 38-2.

[12]Doc. No. 38-3.

[13]Doc. No. 38.

2

Defendants assert that the requested information is a "public record" as defined under the Arkansas Freedom of Information Act ("FOIA").[14] However, since it is an appeal under the IDEA, this case involves only federal claims.[15] Even Defendants' counterclaims arise under federal law.[16] Therefore, the federal common law concerning attorney-client privilege and work product applies.[17] I am not bound by Arkansas precedent concerning FOIA.[18] Accordingly, I find that FOIA does not apply to the discovery Defendants want from Plaintiff..

Alternatively, Defendants argue that the IDEA creates an exception to federal common law privilege and provides "[a]n opportunity for the parents of a child with a disability to examine all records relating to such child . . . with respect to the identification, evaluation, and educational placement of the child, and the provision of a [FAPE] to such child."[19] Defendants contend that this opportunity to examine occurs without exception.[20] They cite the ADE's rules used to implement this part of the IDEA in Arkansas, which provide access to "all educational

---

[14]Ark. Code Ann. § 25-19-103(7)(A) (defining public record a "means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records").

[15]Doc. No. 10.

[16]Doc. No. 11, pp. 9-16. Defendants' counterclaims include discrimination and retaliation claims under a 29 U.S.C.A. § 794 and a claim for attorneys' fees as a prevailing party under 20 U.S.C. §1415(i)(3).

[17]*Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985).

[18]See *Fatemi v. White*, No. 4:11-CV-458-DPM, 2014 WL 12754937, at 2 (E.D. Ark. Mar. 27, 2014).

[19]20 U.S.C. § 1415(b)(1).

[20]Doc. 39, p. 3.

records."[21]  The ADE rules define an educational record as (1) materials that "contain information directly related to the student" and (2) "[a]re maintained by an educational agency or institution or by a person acting for such agency or institution."[22]  Defendants assert that Plaintiff's lawyer qualifies as a "person acting for such agency or institution" and, therefore any materials directly related to A.B. must be provided to them.

Plaintiff argues that Defendants' reliance on the ADE definition of "education record" is misplaced.  Instead, it points to federal rules that define educational records.[23]  The definitions are similar, but the federal regulations contain several exceptions that define what is not an educational records including "[r]ecords that are kept in the sole possession of the maker, are used only as a personal memory aid, and are not accessible or revealed to any other person except a temporary substitute for the maker of the record."[24]  According to Plaintiff, even if the IDEA rule applied in this case, any materials that may have related to A.B. would be excluded under this exception.  Plaintiff further contends that theses records do not qualify as an "educational record" because they relate to litigation and are not directly related to A.B.

Defendants' position is unpersuasive.  They provide no law supporting their position that the ADE's rules implementing the IDEA override the federal attorney-client privilege or work product exceptions.  Nor do they cite any authority supporting the assertion that Plaintiff's counsel's file in this case is an "educational record" under either statutory definition.  Accordingly, I find that the federal common law doctrines of privilege and work product apply.

---

[21]ADE Spec. Ed. Rules, §10.01.9.1.B. and C.

[22]*Id.* at 2.20.1 A-B.

[23]See 34 C.F.R. § 300.61 1(b) (IDEA regulation defining education records same as FERPA, 34 C.F.R. § 99.3).

[24]34 C.F.R. § 99.3(b)(1).

B.   **Request for Production No. 3**

Defendants' Request for Production No. 3 reads:

Please produce all the audio and/or video recordings of Parents and/or Student made by the District and/or agents or employees of the District (including legal counsel) from March 14, 2019 to the present, including recordings made on personal electronic devices.[25]

Plaintiff responded:

Objection to the extent that any responsive documents would be prohibited from disclosure by the Family and Educational Privacy Rights Act. 20 U.S.C. 1232g; 34 C.F.R. Part 99. All responsive audio or video recordings made by the District or its agents or employees during the requested time period of Parents or Student have been previously provided..[26]

Defendants accepted Plaintiff's response on the condition it provide a list of the audio/video recordings allegedly made. Plaintiff says it already produced all responsive audio/video records. Plaintiff agreed to provide a list of previously provided audio/video recordings. Plaintiff also asserts it has no records other than what it already has produced. Accordingly, Defendants' Motion to Compel as to Request for Production 3 is DENIED.

C.   **Interrogatory No. 4 and Request for Production No. 4**

Interrogatory No. 4 and Request for Production No. 4 read:

Please identify and describe in detail all verbal communications between and among District agents and employees (including legal counsel) pertaining to Parents and/or Student from March 14, 2019 to the present.[27]

Please produce all communications between and among District agents and employees (including legal counsel) pertaining to Parents and/or Student from March 14, 2019 to the present, including text messages and other electronic communications sent and/or received on personal electronic devices.

---

[25]Doc. No. 38-1, p. 3.

[26]*Id.*

[27]*Id.* at 3-4.

5

Plaintiff responded:

Objection, this Interrogatory is overly broad, unduly burdensome, requests information protected by the attorney/client and work product privileges. Also, this interrogatory is not reasonably calculated to seek information relevant to the claims or defenses in this litigation and is disproportionate to the needs of the case. JNPSD has not kept a log of all such verbal communications and, thus, cannot accurately answer this Interrogatory.[28]

Defendants contend that the requested discovery is relevant their § 504 claims of bad faith, deliberate indifference, and retaliation. Defendants also assert that Plaintiff has waived any privilege objection or work product objections.

Plaintiff asserts Defendants have access to the due process file, which includes the in-person conferences that took place. Apparently, this is the only available source of any verbal communications related to Defendants. Plaintiff says it has performed an initial pull of electronic mail from its system; it is reviewing those emails for responsiveness; and it will supplement the previous discovery responses.

First, Plaintiff has not waived privilege objections. Second, I agree with Plaintiff that the request is overly broad. After Plaintiff supplements its response with the relevant communications, Defendants can refine their discovery requests. If the parties cannot resolve the issues on their own, Defendants may file another motion to compel.

**D.    Interrogatory Nos. 5 and 6 and Request for Production Nos. 5 and 6**

Interrogatories and Request for Production 5 and 6 read:

Please identify and describe in detail all of the District's policies, practices and/or procedures pertaining to the use of time-out seclusion room and the use of restraint.[29] Please produce all documents identified interrogatory Nos. 5 and 6.[30]

---

[28]*Id.*

[29]Doc. No. 38-1, pp. 4-5.

[30]*Id.*

Plaintiff responded:

Objection, this Interrogatory request information that is not relevant to any of the claims or defenses in this litigation. JNPSD Due Process Procedures Manuel procedure No. 27, pages 29-32.[31]

Defendants responded to these interrogatories by directing Plaintiff to responsive documents. Rule 33 of the Federal Rules of Civil Procedure provides that when a business record is involved "the responding party may answer by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Plaintiff did this when it directed Defendants to the relevant policy manual and page numbers that satisfy these requests. Additionally, Defendants' burden of ascertaining an answer to these questions is equal to Plaintiff's.[32] Accordingly, the motion is DENIED as to Interrogatories and Requests for Production Nos. 5 and 6.

### E.     Interrogatory and Request for Production No. 7:

The requests read:

Please identify and describe in detail the District's efforts to ensure that audio/video recordings and/or electronic communications pertaining to Parents and/or Student were preserved from March 14, 2019 to the present; and, to the extent some recordings or communications have been destroyed, please identify describe in detail the circumstances pertaining to their destruction.[33]

Please produce all documents identified in Interrogatory No. 7.[34]

Plaintiff responded:

---

[31]*Id.*

[32]See *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55 (D.R.I.1981) (holding that if the burden is substantially equal, the interrogated party may properly expect the interrogating party to bear the burden).

[33]Doc. No. 38-1, pp. 5-6.

[34]*Id.* at 6.

> Objection, this request is overly broad, unduly burdensome, requests information protected by the attorney/client and work product privileges. Board Policy 4.48 provides the District's standards for use and retention of video recordings on JNPSD campuses. Generally, video cameras are in various classrooms and schools throughout the District. The camera system retains recordings for approximately ten days. At regular intervals the data is recorded over and thus deleted. Video recordings are only preserved if a person actively saves a video segment.[35]

Defendants contend work product and privilege do not apply to this request. Plaintiff asserts that Defendants' reply is unclear. I agree with Plaintiff. Defendants fail to identify what additional information they seek not included in Plaintiff's response. Accordingly, Plaintiff's motion, as it relates to Interrogatory and Request for Production No. 7 is DENIED.

### F. Request for Production No. 16

Request for Production No. 16 reads:

> Please produce a complete copy of any and all documents maintained by Scott P. Richardson and/or McDaniel, Wolff, & Benca, PLLC pertaining to you and Parents and/or Student.[36]

Defendants contend Plaintiff's lawyer's file in this matter is a public record subject to the FOIA. I disagree (see above). Accordingly, Defendants' motion, as it relates to Request for Production 16 is DENIED.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Compel Responses to Discovery (Doc. No. 38) is DENIED.

IT IS SO ORDERED this 16th day of December, 2020.

Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[35] *Id.*

[36] *Id.* at 11.